```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
HERLINDA FRANCISCO and JAVIER            :
BRAVO on behalf of themselves, FLSA      :
Collective Plaintiffs, and the Class,    :
                                         :
                          Plaintiffs,    :    24-CV-3928 (AT) (RWL)
                                         :
          - against -                    :
                                         :         ORDER:
EXCLUSIVE MANAGEMENT SOLUTION            :    COLLECTIVE CERTIFICATION
GROUP, INC., JOHN DOE                    :
CORPORATIONS 1 – 50, and DMITRIY         :
BEREZOVSKY a/k/a DMITRY                  :
BEREZOVSKIY,                             :
                          Defendants.    :
------------------------------------------------------------X
```

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

Plaintiffs Herlinda Francisco and Javier Bravo (together, "Plaintiffs"), on behalf of themselves and other similarly situated, bring this collective and putative class action against their former employers, Exclusive Management Solution Group, Inc. ("Exclusive"), and unnamed corporations (together, "Corporate Defendants"), as well as Dmitriy Berezovsky (a/k/a Dmitry Berezovskiy) (collectively, "Defendants"). Plaintiffs allege violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). Plaintiffs allege, inter alia, that Defendants had a common policy and practice across their 28 laundromats of (1) not paying Plaintiffs and other similarly situated employees for time they worked before and after their shifts, and (2) for employees who worked at multiple locations, not aggregating each employee's hours across locations and thereby avoiding paying overtime. Before the Court is Plaintiffs' motion for an order (1) conditionally certifying their FLSA claims as a collective action pursuant to 29 U.S.C.

1

§ 216(b); (2) approving their proposed notice to potential opt-in plaintiffs; and (3) equitably tolling the statute of limitations.  The Court addresses each subject in turn.

## Conditional Certification

Plaintiffs seek certification of a collective that includes "all current and former non-exempt employees (including, but not limited to, laundry aides, laundry attendants, laundry housekeepers, laundry workers, ironers, steamers, and delivery persons, among others) employed by Defendants on or after the date that is six (6) years before the filing of the Complaint." (Pl. Mem. at 1; Dkt. 75-1 ¶ 1(Proposed Order).)  At this early conditional stage of certification, the Court makes "an initial determination" about whether there are potential opt-in plaintiffs who are "similarly situated to the named plaintiffs with respect to whether a FLSA violation has occurred." *Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010) (internal quotation marks omitted).  The threshold for being "similarly situated" is low and requires only "that named plaintiffs and opt-in plaintiffs are alike with regard to some material aspect of their litigation. … That is, party plaintiffs are similarly situated, and may proceed in a collective, to the extent they share a similar issue of law or fact material to the disposition of their FLSA claims." *Scott v. Chipotle Mexican Grill, Inc.*, 954 F.3d 502, 516 (2d Cir. 2020).

Here, excluding conclusory allegations and averments, and without regard to the merits or credibility of the parties and witnesses, Plaintiffs have met their burden at the conditional certification stage with allegations from the First Amended Complaint, declarations from Plaintiffs Francisco and Bravo, declarations from five additional former employees of Defendants, and exhibits that include pages from Defendants' business

website and deposition testimony of Defendant Berezovsky.[1]  *See Lynch v. United Services Automobile Association*, 491 F. Supp.2d 357, 368 (S.D.N.Y. 2007) ("At this procedural stage, the court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations").

Specifically, Plaintiffs have demonstrated that Defendants operate the 28 laundromats at issue as a single integrated enterprise in that they are interrelated operations that share common management, ownership, and business purpose, and have centralized control of labor relations.  *See Brown v. Daikin America Inc.*, 756 F.3d 219, 227 (2d Cir. 2014); *Hsieh Liang Yeh v. Han Dynasty, Inc.*, No. 18-CV-6018, 2019 WL 633355, at *6 (S.D.N.Y. Feb. 14, 2019).  In denying Defendants' earlier motion to dismiss, the Court found that Plaintiffs' well-plead allegations demonstrated that Defendants operated as a single integrate enterprise.  *Francisco v. Exclusive Management Solution Group, Inc.*, 2025 WL 1982943, at *6-7 (S.D.N.Y. July 7, 2025), *adopted*, 2025 WL 2106678 (S.D.N.Y. July 28, 2025).  Evidence presented on the instant motion corroborates those allegations.  Defendants' assertions in opposition that the laundromats are each independently operated and managed is belied by, among other facts, the laundromat's shared website (msbubblegreen.com), their shared telephone number, their shared pricing list, their sharing of employees across different locations, and by Berezovsky's admissions at deposition that he operates, manages, and is "the

---

[1] The declarations submitted by Plaintiffs include:  the declarations of Herlinda Francisco ("Francisco Decl."), Javier Bravo ("Bravo Decl."), Apolonio Espinoza ("Espinoza Decl."), Aristeo Velasco ("Velasco Decl."), Juan Ramirez ("J. Ramirez Decl."), Leslie Ramirez ("L. Ramirez Decl."), and Minerva Emiliana Olmeda Uraga ("Uraga Decl."), as well as two declarations from Plaintiffs' counsel, C.K. Lee, introducing exhibits ("Lee Decl." and "Second Lee Decl.").  *See* Dkts. 77-84, 101 (referencing exhibits attached to Reply Memorandum at Dkt. 100).

boss" of all 28 of the laundromat locations. (*See* Lee Decl. Exs. A-E; Second Lee Decl. Ex. K at 11:12-18, 12:13-21, 14:4-12, 18:21-20-8.)

Plaintiffs have also shown, on a preliminary basis, that they and other employees across multiple laundromat locations have been subject to a common policy or practice of (1) pre-shift and post-shift time-shaving; and (2) not aggregating pay for employees who worked at multiple locations. Both practices have deprived employees of overtime pay, or at least lessened the amount of their overtime pay. Both of the named Plaintiffs and the five other former employees attest to being required to work some combination of time before and after their shifts without being paid for that time. Employees were required to record their hours based only on their scheduled shifts, not on the time they actually worked. This practice was enforced by a manager named "Besso" or "Beso" (Francisco Decl. ¶¶ 5-6, 8; Bravo Decl. ¶¶ 7-10; Espinoza Decl. ¶¶ 6-8; Velasco Decl. ¶¶ 3-4; J. Ramirez Decl. ¶ 5; Uraga Decl. ¶¶ 4), as well as by Berezovsky (L. Ramirez Decl. ¶¶ 5-6).

Defendants' arguments against conditional certification are not persuasive. First, Defendants argue that there is no evidence of a written policy. But there is no requirement that a policy be in writing; a common practice systematically applied among employees is sufficient. *See Perry v. City of New York*, 552 F. Supp.3d 433, 440 (S.D.N.Y. 2021) ("neither the statute nor case law specifies that a policy or practice must be written; rather, it merely must be 'systematically-applied'") (citing *Scott*, 954 F.3d at 516; *Foster v. City of New York*, No. 14-CV-4142, 2020 WL 8173266, at *9 (S.D.N.Y. Oct. 30, 2020)).

Second, Defendants contend that the information provided by Plaintiffs and the other declarants is merely conclusory, particularly in referring to other employees without

4

details of names, places, and specific conversations. That argument fails for two reasons. First, some of the declarants quote specific language from past conversations and also name other employees, at least by their first name. Second, regardless of what the declarants (including Plaintiffs) have to say about other employees, their declarations all corroborate each other with respect to pre-shift and post-shift time-shaving. The overlapping corroboration by seven employees that they were subject to the alleged common time-shaving practice is more than sufficient to sustain Plaintiffs' minimal burden to support conditional certification. *See Hernandez v. Bare Burger Dio Inc.*, No. 12-CV-7794, 2013 WL 3199292, at *3 (S.D.N.Y. June 25, 2013) ("Indeed, courts in this circuit have routinely granted conditional collective certification based solely on the personal observations of one plaintiff's affidavit").

Third, Defendants assert that the time for which Plaintiffs and other employees were not compensated is "de minimis." Uncompensated small amounts of time that would be unmanageable to track or are isolated events may be overlooked as "de minimis." *See Singh v. City of New York*, 524 F.3d 361, 371 (2d Cir. 2008) (explaining that whether otherwise compensable time is de minimis depends on "(1) the practical administrative difficulty of recording additional time; (2) the size of the claim in the aggregate; and (3) whether the claimants performed the work on a regular basis"). The uncompensated time described by Plaintiffs and the other declarants does not qualify as de minimis. For example, the uncompensated time described by Franciso was a total of 45 minutes per day, comprised of 30 minutes pre-shift and 15 minutes post-shift. (Francisco Decl. ¶ 6.) Bravo's uncompensated pre-shift and post-shift time was the same. (Bravo Decl. ¶ 8.) Those amounts add up to 3.75 hours of uncompensated time per five-day work week for

each employee. The other declarants attest to similar pre- and post-shift time-shaving on a daily basis. (Espinoza Decl. ¶ 7 (30 minutes pre-shift, plus 15 minutes post-shift a couple days per week); Velasco Decl. ¶ 3 (25-35 minutes combined pre- and post-shift); J. Ramirez Decl. ¶ 5 (20 minutes pre-shift and additional, although unspecified, time post-shift); L. Ramirez Decl. ¶¶ 5-6 (30 minutes post-shift plus additional hours for work taken home); Uraga Decl. ¶ 4 (35-50 minutes combined pre- and post-shift).) Defendants have not identified any practical impediment to recording time for the work performed before and after employee scheduled shifts. The pre-shift and post-shift work time for which Plaintiffs and other employees were not compensated was therefore not de minimis.

Fourth, Defendants argue that Plaintiffs and other employees each had varied experiences that give rise to individualized issues rather than class-wide issues. That is true to some extent. For example, the declarants describe different amounts of time for which they were not compensated. Only delivery persons describe being subject to the practice of non-aggregation of time worked at multiple locations. Some declarants worked only at one location, while others, principally delivery persons, worked at multiple locations. Those and other individualized differences, however, do not preclude conditional certification. *See Scott*, 954 F.3d at 516-17 (rejecting focusing on "the ways in which the plaintiffs are factually *disparate* and the defenses are *individualized*" instead of "considering the ways in which the opt-in plaintiffs are *similar* in ways material to the disposition of their FLSA claims") (emphasis in original). What matters is that the collective members share an issue of fact or law material to resolution of their FLSA claims. *Id*. at 517. That is the case here.

6

Finally, Defendants assert that if conditional certification is warranted at all, it should only include employees at one location, 1225 St. Nicholas Avenue. That location is the only one that all seven declarants (including the two named Plaintiffs) have in common; in other words, they all worked at 1225 St. Nicholas Avenue. This argument overlooks that the two declarants who are delivery persons (Bravo and J. Ramirez) attest to the same time-shaving practice implemented at a combined six additional locations, and that L. Ramirez, who performed laundry-related tasks at two locations as well as back-office operations for all 28 locations, also attests to the same practice. (*See* Pl. Mem. at 1 (summarizing locations where Plaintiffs and the five other declarants worked).) Accordingly, conditional certification properly extends to all 28 locations. *See McGlone v. Contract Callers, Inc.*, 49 F. Supp.3d 364, 367 (S.D.N.Y. 2014) ("Courts have found opt-in plaintiffs similarly situated in large off-the-clock cases despite the individualized issues such cases present") (internal quotation marks omitted).

Conditional certification is just that – conditional. The second certification stage after discovery may well warrant a different outcome depending on the record developed at that time. But at this preliminary, conditional stage, Plaintiffs have cleared the low bar to certification. As conditional certification is warranted, the court next addresses Plaintiffs' request for approval of their proposed notice to potential collective members.

## Notice

Plaintiffs' motion makes several requests related to notice: its form, content, and means of distribution; the length of the opt-in notice period; to whom completed opt-in forms should be sent; and discovery of names and contact information for persons to receive notice. Defendants' opposition does not address the notice issues at all.

7

Regardless, the Court has considered the issues presented and resolves them using the "broad discretion" afforded to the Court in fashioning notice, *She Jian Guo v. Tommy's Sushi Inc.*, No. 14-CV-3946, 2014 WL 5314822, at *4 (S.D.N.Y. Oct. 16, 2014), and with due regard for "the overarching policies of the notice provisions of [the statute] … which include achieving judicial efficiency and lowering individual costs for plaintiffs." *Liping Dai v. Lychee House, Inc.*, No. 17-CV-6197, 2018 WL 4360772, at *6 (S.D.N.Y. Aug. 29, 2018) (citing *Fasanelli v. Heartland Brewery, Inc.*, 516 F. Supp.2d 317, 323 (S.D.N.Y. 2007)).

**A.     Form, Content, And Means Of Distribution**

Plaintiffs have proposed a form of notice to be sent by mail, email, text, and posted at the laundromat locations, accompanied by a form for collective members to opt in. (*See* Lee Decl. Ex. J.)

The Court approves the content of the notice and means of dissemination, subject to making the following modifications in the proposed notice and opt-in form.  In the notice: (i) Second paragraph: modify description of claim "(2)" to read "unpaid overtime premiums, due to failure to aggregate hours worked at multiple locations"; (ii) Second paragraph:  add at end:  "Plaintiffs have brought the lawsuit as a collective action under the Federal Labor Standards Act ("FLSA") and a class action for claims under the New York Labor Law ("NYLL")."; (iii) Third paragraph: revise first sentence to read: "The lawsuit's federal collective FLSA claims seek …"; (iv) Third paragraph, last sentence: bold "only"; (v) Delete last text line (i.e., "Do not call or write the Court or the Clerk's Office with questions.").  In the opt-in form, first paragraph, fourth line: after the word "present," insert "and you wish to participate in the FLSA collective claims,".  In both the notice and opt-in form, change "May 21, 2018" to "May 21, 2021" (the reason for which is discussed below).

8

The Court agrees that the notice sent to prospective class members should include both an English and Spanish language version, given that Spanish is likely the native language of many class members, as it is for Plaintiffs and other declarants. The Court also finds it appropriate for completed opt-in forms to be sent to Plaintiffs' counsel rather than to the Clerk of Court. The proposed notice clarifies that potential opt-in plaintiffs are entitled to seek independent counsel. That caveat assuages concern about Plaintiff counsel's use of certification as a marketing tool. Accordingly, "the Court sees no reason to depart from the majority approach directing opt-in plaintiffs to mail the consent forms to plaintiff's counsel." *Cuaya v. VI Development Group, LLC*, No. 19-CV-4290, 2020 WL 5494371, at *10 (S.D.N.Y. Sept. 10, 2020) (internal quotation marks omitted).

**B.     Opt-In Notice Period**

Plaintiffs propose that opt-in members should encompass employees who worked for Defendants any time from May 21, 2018, to the present. That request is premised on application of a six-year statute of limitations. A six-year limitations period, however, applies to the NYLL, not the FLSA. The limitations period for FLSA claims is three years where, as here, plaintiffs allege willful conduct. 29 U.S.C. § 255(a). Some courts have approved six-year limitation periods where plaintiffs have asserted claims pursuant to both the FLSA and NYLL. *See, e.g.*, *Fonseca v. Dircksen & Talleyrand, Inc.*, No. 13-CV-5124, 2014 WL 1487279, at *6 (S.D.N.Y. April 11, 2014) (approving six-year notice period); *Winfield v. Citibank, N.A.*, 843 F. Supp.2d 397, 410 (S.D.N.Y. 2012) (same). Other courts, however, approve only the three-year period, which is "the maximum time period to join an FLSA collective action." *Garcia v. Spectrum of Creations*, 102 F. Supp.3d 541, 551 (S.D.N.Y. 2015); *accord Romero v. La Revise Associates, L.L.C.*, 968 F.

9

Supp.2d 639, 648-49 (S.D.N.Y. 2013) (distinguishing three-year period under FLSA from six-year period under NYLL and rejecting plaintiff's request to apply the six-year period).

Where, as here, no class action has been certified pursuant to Fed. R. Civ. P. 23, "[i]t would be confusing to employees who are ineligible for the FLSA opt-in class to receive the opt-in notice, which does not relate to any state law claims." *Hamadou v. Hess Corp.*, 915 F. Supp.2d 651, 668 (S.D.N.Y. 2013); *see also Trinidad v. Pret A Manger (USA) Ltd.*, 962 F. Supp.2d 545, 564 (S.D.N.Y. 2013) (ordering three-year notification window due to potential confusion); *Romero*, 968 F. Supp.2d at 648-49 (finding argument that six-year notice period will cause confusion is more persuasive than argument that using the longer period is more economical). If and when a Rule 23 class is certified, a corresponding notice can go out at that time. Accordingly, the Court approves a three-year notice period for the collective action.

**C.    Discovery Of Names And Contact Information**

Plaintiffs ask that Defendants be required to produce the names, last known addresses, cell phone numbers, and email addresses for potential opt-in plaintiffs. "[C]ourts in this district 'commonly grant requests for the production of such information … in connection with the conditional certification of an FLSA collective action.'" *Tay v. New York and Presbyterian Hospital*, No. 22-CV-8379, 2024 WL 4286226, at *16 (S.D.N.Y. Sept. 24, 2024) (quoting *Liping Dai*, 2018 WL 4360772, at *12). The Court finds that requiring Defendants to produce the requested contact information is warranted, as it is necessary to send notice to potential members of the collective.

**Equitable Tolling**

Plaintiffs also ask the Court to issue an order tolling the statute of limitations for all potential opt-in plaintiffs until such time that Plaintiffs are able to send notice to potential

10

opt-in plaintiffs. (Pl. Mem. at 29.) Defendants do not address this request in their opposition.

The Second Circuit has cautioned that "equitable tolling is considered a drastic remedy applicable only in rare and exceptional circumstances." *A.Q.C. ex rel. Castillo v. United States*, 656 F.3d 135, 144 (2d Cir. 2011) (internal quotation marks omitted). That said, it has been observed that "[i]n the Second Circuit ... equitable tolling is commonly granted upon the filing of a motion for conditional certification of a collective action." *Varghese v. JP Morgan Chase & Co.*, No. 14-CV-1718, 2016 WL 4718413, at *11 (S.D.N.Y. Sept. 9, 2016) (internal quotation marks omitted). For instance, equitable tolling "might apply ... where the defendant has concealed the existence of a cause of action from the plaintiffs." *Mark v. Gawker Media LLC*, No. 13-CV-4347, 2014 WL 5557489, at *2 (S.D.N.Y. Nov. 3, 2014); *see also Viriri v. White Plains Hospital Medical Center*, 320 F.R.D. 344, 355 (S.D.N.Y. 2017) ("The most common circumstance where equitable tolling might apply to FLSA actions is where the defendant has concealed the existence of a cause of action from the plaintiffs"). Courts have also equitably tolled the FLSA statute of limitations in cases where "courts' heavy dockets and understandable delays in rulings" could time bar opt-in plaintiffs "whose putative class representatives and their counsel are diligently and timely pursuing the[ir] claims." *McGlone*, 867 F. Supp.2d at 444-45.

Here, Plaintiffs have not identified any "rare and exceptional" aspects of the case to justify equitable tolling. *Castillo*, 656 F.3d at 144 (quoting *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000)). They have not alleged that Defendants actively "concealed the existence of a cause of action from the [opt-in] plaintiffs." *Mark*, 2014 WL 5557489, at *2.

11

Nor have Plaintiffs offered specific details as to any individual potential opt-in plaintiff who intends to join the collective but who risks becoming time-barred or has been "prevented in some extraordinary way from exercising his rights." *Johnson v. Nyack Hospital*, 86 F.3d 8, 12 (2d Cir. 1996); *see, e.g., Liping Dai*, 2018 WL 4360772, at *12 ("Plaintiffs have not demonstrated that the claims of any potential opt-in plaintiffs would actually be barred"); *Contrera v. Langer*, 278 F. Supp.3d 702, 724 (S.D.N.Y. 2017) ("The plaintiffs on whose behalf equitable tolling is being sought have not been identified ... no specific information has been provided about any particular opt-in plaintiff's circumstances. Thus, this Court cannot assess whether any potential opt-in plaintiff has diligently pursued his or her rights.")

Accordingly, the Court will not grant equitable tolling at this time. However, "[a]t the second stage of certification, if it becomes apparent that equitable tolling arguments apply to individual plaintiffs who have opted into this litigation, the Court can [then] timely address those issues." *Tueros v. Urban Health Plan, Inc.*, No. 21-CV-4525, 2022 WL 2752070, at *17 (S.D.N.Y. July 14, 2022) (citing *Trinidad*, 962 F. Supp.2d at 564 n.14).

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion to conditionally certify an FLSA collective action is GRANTED in part and DENIED in part as follows:

1. A collective is conditionally certified for: All current and former non-exempt employees (including, but not limited to, laundry aides, laundry attendants, laundry housekeepers, laundry workers, ironers, steamers, and delivery persons, among others) employed by Defendants on or after the date that is three (3) years before the filing of the Complaint. The conditional collective extends to all 28 laundromat locations.

2. Within ten (10) days of this Order, Defendants shall provide to Plaintiffs' counsel in Excel format contact information – consisting of names, last known home addresses, cell phone numbers, and email addresses – for the conditionally certified FLSA collective.

3. The notice and opt-in form attached as Exhibit J to the Lee Declaration (Dkt. 77), and the proposed means of distribution of notice (mail, email, and text), are approved, subject to modification of the notices and opt-in form as set forth above.

4. Within twenty-one (21) days of receipt of the contact information from Defendants, Plaintiffs' counsel shall disseminate the notice with opt-in form.

5. The notice period shall remain open for a period of ninety (90) days from issuance of the notice;

6. Within fourteen (14) days of receipt of a revised notice and opt-in form from Plaintiffs, Defendants shall post the workplace notice and opt-in form in each of the 28 laundromats, which shall remain posted through the end of the notice period;

7. Plaintiffs' request to equitably toll the statute of limitations is denied at this time without prejudice, subject to further consideration of individual circumstances following the end of the notice period.

SO ORDERED,

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: November 17, 2025
       New York, New York

Copies transmitted this date to all counsel of record.